# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN THE MATTER OF:

ROBERT M. GRENIER
GERTRUDE A. GRENIER

        Debtors.

Chapter 7
Case No. 08-69651-MBM
Hon. Marci B. McIvor

_____/

CRAIG R. NEHASIL, DONNA E. NEAHSIL, and
DONNA E. NEHASIL, as Next Friend of RICHARD
J. NEHASIL and TIMOTHY R. NEHASIL and
CHRISTOPHER P. NEHASIL

        Plaintiffs,

Adversary Case No. 09-04351

v.

ROBERT M. GRENIER,
GERTRUDE A. GRENIER

_____/

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DETERMINING PLAINTIFFS' STATE COURT JUDGMENT NON-DISCHARABLE UNDER 11 USC 523

Plaintiffs', by and through their attorney, Linda G. Anderson, move this court under Rule 56 of the Federal Rules of Procedure to enter an order determining Plaintiffs' state court judgment entered on May 17, 2004 in the Wayne County Circuit non-dischargeable under 11 USC § 523 (a)(2)(A) based on the doctrine of collateral estoppel. Plaintiffs' sought concurrence in the relief requested in this motion on August 14, 2009. Defendants' counsel denied concurrence in the relief requested.

For the facts, reasons and arguments set forth in Plaintiffs' Brief In Support of the Motion, Plaintiffs request that their May 17, 2004 State Court judgment against the Defendants be deemed non-dischargable under 11 USC § 523 (a)(2)(A).

        Respectfully submitted,

        /s/ Linda G. Anderson
        Linda G. Anderson (P47067)
        Attorney for Plaintiffs
        13407 Farmington Rd, Ste 102
        Livonia, Michigan 48150
        (734) 425-0379

DATED: August 16, 2009

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN THE MATTER OF:

ROBERT M. GRENIER
GERTRUDE A. GRENIER

      Debtors.

Chapter 7
Case No. 08-69651-MBM
Hon. Marci B. McIvor

_____/

CRAIG R. NEHASIL, DONNA E. NEAHSIL, and
DONNA E. NEHASIL, as Next Friend of RICHARD
J. NEHASIL and TIMOTHY R. NEHASIL and
CHRISTOPHER P. NEHASIL

      Plaintiffs,

Adversary Case No. 09-04351

v.

ROBERT M. GRENIER,
GERTRUDE A. GRENIER

_____/

## ORDER RE: DISCHARGE OF PLAINTIFFS' MAY 17, 2004 STATE COURT JUDGMENT AGAINST DEFENDANTS

This matter having come before the Court upon Plaintiffs' Motion for Summary Judgment, the Court having heard arguments and having considered the arguments of the parties and the court being otherwise fully advised on the premises;

Now Therefore:

**IT IS HEREBY ORDERED** that the state court judgment entered against Defendants on May 17, 2004 and which is attached as Exhibit A is non dischargeable under 11 USC § 523(a)(2)(A).

_____
United States Bankruptcy Judge

### EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF:

ROBERT M. GRENIER                     Chapter 7
GERTRUDE A. GRENIER                   Case No. 08-69651-MBM
                                      Hon. Marci B. McIvor
                 Debtors.

_____/

CRAIG R. NEHASIL, DONNA E. NEAHSIL, and
DONNA E. NEHASIL, as Next Friend of RICHARD
J. NEHASIL and TIMOTHY R. NEHASIL and
CHRISTOPHER P. NEHASIL

                 Plaintiffs,           Adversary Case No. 09-04351

v.

ROBERT M. GRENIER,
GERTRUDE A. GRENIER

_____/

## NOTICE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
## DETERMING PLAINTIFFS' STATE COURT JUDGMENT
## NON-DISCHARABLE UNDER 11 USC § 523 (a)(2)(A)

Plaintiffs have filed a motion with the court to grant them a Summary Judgment finding Plaintiffs' May 14, 2004 state court judgment non-dischargeable under 11 USC § 523 (a)(2)(A).

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant Plaintiffs' Request for Summary Judgment determining Plaintiffs' May 27, 2004 state court judgment non-dischargeable, or if you want the court to consider your views on the Motion, within 15 days, you or your attorney must:

1.    File with the court a written response or an answer, explaining your position at:[1]

                 Linda G. Anderson, Esq.
                 Attorney for Plaintiffs
                 13407 Farmington Rd, Ste 102
                 Livonia, Michigan 48150
                 (734) 425-0379
                 Fax: (734) 425-5046
                 e-Mail: linda@lindaganderson.com

Dated: August 16, 2009

                        **EXHIBIT 2**

_____

[1] Response or answer must comply with .R.Civ.P.8(b),© and (e)

IN THE MATTER OF:

ROBERT M. GRENIER                          Chapter 7
GERTRUDE A. GRENIER                         Case No. 08-69651-MBM
                                            Hon. Marci B. McIvor
        Debtors.

_____/

CRAIG R. NEHASIL, DONNA E. NEAHSIL, and
DONNA E. NEHASIL, as Next Friend of RICHARD
J. NEHASIL and TIMOTHY R. NEHASIL and
CHRISTOPHER P. NEHASIL

        Plaintiffs,                    Adversary Case No. 09-04351

v.

ROBERT M. GRENIER,
GERTRUDE A. GRENIER
_____/

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION

Plaintiffs by and through their attorney submit this Motion in support of their Motion for

Summary Judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**I. Statement of Facts**

On April 30, 2004, a Wayne County Circuit Court found for the Plaintiffs against the Defendants

on a civil Complaint filed in 2001. (Exhibit A) The Complaint was amended in January 2002. (Exhibit

B)

Both the original and amended complaint contained counts of Misrepresentation, Innocent

Misrepresentation, Fraudulent Concealment or Silent Fraud, Recission, Michigan Consumer Protection

Exhibit 3

Act, Intentional Infliction of Emotional Distress, Negligence and Exemplary Damages.[1] As a result of the Jury's findings, a money Judgment was entered against the Defendants for the sum of $294,563.74. (Exhibit D)

In making their verdict, the Jury was empanelled with specific instructions about the allegations of fraud and misrepresentation by the Defendants. These instructions culminated in a verdict form which is attached Exhibit E.[2] The verdict form is signed by the jury foreman and makes specific findings of fact on the allegations of fraud. The specific finding of fraud was then circulated in the news. (Exhibit F)

The verdict has never been overturned by either the trial court or any court of appeal. In fact, the Defendant Robert Greneir acknowledged the finality of the Judgment when he entered into a voluntary wage assignment for the purpose of paying on the Judgment after a previous bankruptcy was dismissed by this Honorable Court and the automatic stay was lifted.

In issuing its opinion on the dismissal, the Honorable Marci B. Mcivor stated: "... the debt here is a Wayne County Circuit Court judgment, and the judgment was for fraud. It was a jury verdict, so it is very, very likely that in a Chapter 7 proceeding those findings would have been collateral estoppel in the Chapter 7 proceeding, and the debt would have been dischargeable." (Exhibit G, page 6, lines 6-11)

## II. Applicable Law and Argument

Rule 56 of the FRCP is incorporated into the Local Bankruptcy rules by virtue of Rule 1 and 81 (a), (2) of the FRCP as well as all of the Local Rules. Rule 56 provides that "a party against whom relief is sought may move at any time with or without supporting affidavits, for summary judgment on all or part of the claim."

---

[1] Worthy of note is the fact that Defendants had previously been sued under similar theories of liability for selling the same piece of property. They entered into a Consent Judgment taking back the property and then resold the property to the Plaintiffs. (Exhibit C)

[2] Exhibits A-C are all public records contained in the Wayne County Circuit Court file. They would be admissible into evidence under FRE 803(8).

In this cause, Defendants have sought to discharge Plaintiffs Judgment as part of their petitioned for relief under the bankruptcy code. Therefore, Plaintiffs may move under Rule 56 to have their judgment deemed non-dischargeable under the doctrine of collateral estoppel.

The party moving for summary judgment bears the responsibility of informing the court of the basis of the motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. Celotex Corp. v. Catrett, 477 US 317, 323 (1986) Further and if after adequate discovery, the party bearing the burden of proof establishes uncontested facts and is entitled to relief, summary judgment is appropriate. Id. at 323.

In this cause, no discovery is needed, required or necessary for the purpose of developing a complete record. The jury's verdict form specifically incorporates the elements of fraud under Michigan law. [3] The jury found for the Plaintiff's on each element of the fraud claim. The jury verdict form is a public record entitled to the benefit of admission into evidence under FRE 803. The document would also be a self-authenticating document and is entitled to judicial notice under FRE 201. As a result, this Court may decide Plaintiffs' motion under Rule 56 in their request for a determination that their state court Judgment is non-dischargeable under the doctrine of collateral estoppel.

In Callender v. Callender, 212 B.R. 276 (1997), it was held that a state court *default* judgment encompassing a multi-count complaint alleging fraud was entitled to collateral estoppel effect in a subsequent bankruptcy proceeding. The court in Callender found that the *default* judgment was based on a complaint which alleged fraud with enough specificity to have materially determined the elements of fraud. Consequently, the Court gave the default judgment collateral estoppel effect since the final judgment incorporated the allegation of fraud and that this issue was actually litigated and necessarily determined by the Judgment and therefore met the definition of collateral estoppel as set forth in People v. Gates, 434 Mich. 146 (1990).

---

[3] The elements of fraud under Michigan law are set forth in Hi-Way Motor Co. Intern. Harvester Co., 398 Mich. 330, 336 (1976).

In applying these precedents and the analysis incorporated therein to this cause, it self-evident that Plaintiffs judgment is entitled to collateral estoppel effect. In this cause, the Judgment is predicated on specific jury finding on all of the elements of fraud under Michigan Law. The findings were made after a fully contested jury trial and therefore meet the requirements of having been actually litigated and necessarily determined under People v. Gates.

## III. Prayer for Relief

Wherefore, Plaintiffs pray that heir state court judgment be deemed non-dischargeable as an exception to discharge under 11 USC 523 (a) (2) (A) under the doctrine of collateral estoppel.

Respectfully Submitted,

DATED: August 16, 2009

/s/Linda G. Anderson
Linda G. Anderson (P47607)
13407 Farmington Rd, Ste 102
Livonia, Michigan 48150
Phone: (734) 425-0379
e-mail: linda@lindaganderson.com

**EXHIBIT 3**

**STATE OF MICHIGAN**

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRAIG R. NEHASIL and DONNA E.
NEHASIL, Individually,

        Plaintiffs,

02-204212 NO  2/06/2002
   JDG: FOBERT L ZIOLKOWSKI
NEHASIL CRAIG R
       vs   |||| ||| ||| | ||| ||| || ||| ||
GRENIER ROBERT M

and

DONNA E. NEHASIL as Next Friend
to RICHARD J. NEHASIL, TIMOTHY
R. NEHASIL and CHRISTOPHER P.
NEHASIL, minor children,

        Plaintiffs,

vs.

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, ROBERT MERRY and
REMAX CROSSROADS REALTY, INC.,
a Michigan Corporation, Individually,

        Defendants,

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, Individually,

        Defendants.

---

| | |
|---|---|
| **JOHN R. CARNEY & ASSOCIATES, P.C.** | **O. WILLIAM WARD, P.C.** |
| John R. Carney (P11631) | O. William Ward (P46966) |
| Kathleen L. Cole (P53674) | Attorney for Defendants/Counter- |
| Attorneys for Plaintiffs/Counter-Defendants | Plaintiffs Greniers |
| 13407 Farmington Rd., Ste. 102 | 31800 Northwestern Hwy, Ste 350 |
| Livonia, Michigan 48150 | Farmington Hills, MI 48334 |
| (734) 425-3000 | (248) 932-8600 |
| | |
| **BLAKE, KIRCHNER, SYMONDS, et al** | **LAW OFFICE LARRY W. HOSKINS** |
| Kevin T. Kennedy, (P40672) | Rondald Y. Gutman (P14479) |
| Co-Counsel for Plaintiffs/Counter Defendants | Attorney for Defendants REMAX |
| 535 Griswold Street - 1432 Buhl Building | Crossroads Realty, Inc. and Robert Merry |
| Detroit, Michigan 48226-3602 | 21800 W. Ten Mile Road, Ste 104 |
| (313) 961-7321 | Southfield, MI 48075 |
| | (248) 353-5160 |

---

   There is a current action pending before the Honorable
Robert L. Ziolkowski, Case No. 01101305 CZ.

*John R. Carney*

     John R. Carney (P11631)

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

## DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, Individually, and DONNA E. NEHASIL as Next Friend of RICHARD J. NEHASIL, TIMOTHY R. NEHASIL and CHRISTOPHER P. NEHASIL,( hereinafter referred to as "the minor children")by and through their attorneys, JOHN R. CARNEY & ASSOCIATES, P.C., by JOHN R. CARNEY and KEVIN T. KENNEDY, and for their Complaint against Defendants, state as follows:

### INTRODUCTION

1.    That this claim arises from the purchase of a house with material misrepresentations by the Sellers of the condition of the house and/or concealed and/or undisclosed defects.

### JURISDICTION

2.    That the amount in controversy in this cause is greater that Twenty-Five Thousand Dollars and No/100 ($25,000.00).

3.    That this Court has jurisdiction of this case, for land located in Wayne County.

### PARTIES

4.    That the Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL and DONNA NEHASIL as Next Friend of the minor children, are natural persons currently residing in the Township of Canton, County of Wayne and State of Michigan.

5.    That Defendants, ROBERT M. GRENIER and GERTRUDE A. GRENIER ("Sellers"), upon information and belief, reside in the County of Oakland and State of Michigan.

6.    That Defendant, ROBERT MERRY, upon information and belief, resides in the Township of Canton, County of Wayne and State of Michigan, and is a licensed Real Estate Agent, and at all times mentioned in this Complaint was employed by REMAX CROSSROADS REALTY, INC., located in the Township of Canton, County of Wayne and State of Michigan.

7.    That Defendant, REMAX CROSSROADS REALTY, INC., is a licensed Real Estate Broker in the State of Michigan.

### FACTS

8.    That on or about December 9, 1997, Plaintiffs made an Offer to Purchase Property located 6642 Burnham Drive, Canton Michigan, form Defendants, ROBERT M. GRENIER and GERTRUDE A. GRENIER, who was represented by Defendant, ROBERT MERRY, as Real

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

Estate Agent for the Sellers and employed by REMAX CROSSROADS REALTY, INC., the Broker in this transaction.

9.     That a Offer to Purchase for the house and property was signed by Plaintiffs and Defendants on or about December 9, 1997. A copy is attached hereto and made a part hereof and marked as Exhibit "A".

10.     That after signing the Offer to Purchase, Plaintiffs received a Seller's Disclosure Statement from the Defendants on or about December 9, 1997. A copy is attached hereto and made a part hereof and marked as Exhibit "B".

11.     That Defendants' Disclosure Statement contained the following false misrepresentations regarding the condition of the property under Property conditions improvements and additional information:

a.)     In response to paragraph one (1), Basement: Has there been evidence of water? If yes, please explain: "water thru cracks and rod holes/professionally repaired Eternally Dry."

b.)     In response to paragraph three (3), Roof: Leaks? Approximate age if known: "Original with a repair approx 3 years ago no known problem since."

c.)     In response to paragraph (7), Plumbing system: Type: copper. Any known problems? "None known."

d.)     In response to paragraph (8), Electrical system: Any known problems? "None known."

e.)     In response to paragraph (9), History of infestation, if any: (termites carpenter ants, etc.) "None known."

Under the paragraph Other Items: Are you aware of any of the following:

a.)     In response to paragraph one (1), Features of the property shared in common with adjoining landowners, such as walls, fences, roads, driveways or other features whose use or responsibility for maintenance may have an effect on the Property? "No".

b.)     In response to paragraph four (4), Structural modification, alterations or repairs made without necessary permits or licensed contractors? "No".

c.)     In response to paragraph five (5), Settling, flooding, drainage, structural or grading problems? "No".

d.)     In response to paragraph six (6), Major damage to the property from fire, wind, floods or landslides? "No".

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-3-

12.    That at all times mentioned herein regarding the sale of this property Defendant, ROBERT MERRY, was employed by Defendant, REMAX CROSSROAD REALTY, INC., as a salesperson, who was in turn the Sellers' agent and acting within the scope of his employment.

13.    That at the time of the execution of the Offer to Purchase, Defendant, ROBERT MERRY, discussed the state of the house with the Plaintiff-Purchasers and, at that time, informed the Plaintiffs that the house had been inhabited by "renters" prior to the sale and stated that they "trashed the house". Further, in the discussion with Defendant MERRY volunteered that the "renters" had not informed the Sellers of the alleged water problems and had they done so, the Sellers would have taken care of the problems immediately.

14.    That the sale of this property closed on or about January 21, 1998, and beginning immediately, the Plaintiffs discovered the following defects in the property purchased:

a.)    That the basement was leaking on all four (4) walls, rather than one (1).

b.)    That the Defendants, ROBERT M. and GERTRUDE A. GRENIER, put up drywall and shelving in the basement to hide water leakage damage.

c.)    That after moving into the house and attempting to update the bathroom, the Plaintiff, CRAIG R. NEHASIL, pulled out the tub enclosure and found three (3) sub-floors rotted, which necessitated a complete gutting of the entire bathroom and rebuilding of the wall which attached to the back bedroom.

d.)    That it was discovered that a wall had been put up between the kitchen and living room that was one a pass through. When Plaintiff, CRAIG R. NEHASIL, took down the false wall, he found major faulty electrical hook-ups that were not installed by electrical contractors and were a danger to the Plaintiff's family.

e.)    That since the date of purchase, the home has been infested with ants and other insects to the extent that it has been necessary to engage an exterminator every three (3) months.

f.)    That the cyclone fence along the outer perimeter of the home is being held up with nothing more that tomato plant-type stakes.

g.)    That there was and illegal 220 electrical line running from the electrical

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-4-

panel to the garage, which had to be removed because of the danger to the children while playing in the backyard.

h.) That the internal wiring of the home had been gerrymandered so that the wiring constituted a hazard to the family.

i.) That the outdoor water spicate on the north side of the home is nothing more than a soldered piece of metal attached to the spicate knob and not actually hooked up to any of the household plumbing.

15. That the Plaintiffs closed the deal on January 21, 1998, relying on the representations of ROBERT MERRY and the Seller's Disclosure Statement.

16. That each of the Defendants made representations that they knew were false or were made with reckless disregard for whether they were true or false.

17. That misrepresentations were material to the transaction and Plaintiffs relied on them in purchasing the property.

18. That the defects discovered by the Plaintiffs were present in the property at the time of the purchase.

19. That sellers knew, or had reason to know, of the defects to the property prior to the sale for the following reasons:

a.) That on March 13, 1997, in the Third Judicial Circuit Court in the County of Wayne, Case Number 97-708226 CH, a Complaint was filed regarding this very property and the Defendants were ROBERT GRENIER and GERTRUDE GRENIER, the Sellers in this instance. (Complaint of HILDA MAXWELL attached hereto and made a part hereof and attached Exhibit "C".)

b.) That on October 10, 1997, a Consent Judgment in the amount of One Hundred, Eight Thousand Dollars and No/100 ($108,000.00) was entered on this very property wherein Plaintiff, HILDA MAXWELL, rescinded the sale from the GRENIERS and was refunded the purchase price of One Hundred, Two Thousand Dollars and No/100 ($102,000.00), plus damage of Six Thousand Dollars and No/100 ($6,000.00) for a total of One Hundred, Eight Thousand Dollars and No/100 ($108,000.00). (Consent Judgment attached hereto and made part hereof and attached as Exhibit "D".)

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-5-

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

c.) That attached to the Complaint of HILDA MAXWELL was an Offer to Purchase dated February 20, 1994, showing Defendant, ROBERT MERRY, as Listing Agent for ROBERT and GERTRUDE GRENIER.

20. That the Plaintiffs in the instant suit knew nothing of the events set forth in the Maxwell matter but relied on the good faith and fair dealing of the salesperson, Defendant, ROBERT MERRY.

21. That on December 9, 1997, Defendant, ROBERT MERRY, in the course of his employment with Defendant, REMAX CROSSROADS REALTY, INC., knowing of the events that transpired in the Maxwell matter, sold the individual Plaintiffs the house at 6642 Burnham Drive, Canton, Michigan, within sixty-one (61) days of the date of the Consent Judgment entered in the Maxwell case.

22. That the Plaintiffs in the matter at hand have spent , to date, the following:

a.) The amount of Six Thousand Dollars and No/100 ($6,000.00).

b.) Sweat equity of Ten Thousand Dollars and No/100 ($10,000.00), drywall and rebuilding of walls in the children's bedroom, living room and hallway.

c.) Four Thousand Dollars and No/100 ($4,000.00) Dollars for tear-down of all drywall in the basement.

d.) One Thousand, Eight Hundred Dollars and No/100 ($1,800.00) for drywall for the bedroom/bathroom.

e.) The electrical estimates have been in the neighborhood of Five Thousand Dollars and No/100 ($5,000.00) for regrading and concrete will run approximately Twelve Thousand Dollars and No/100 ($12,000.00).

f.) Basement repair approximately Five Thousand Dollars and No/100 ($5,000.00).

g.) Cyclone fencing, approximately Five Thousand dollars and No/100 ($5,000.00).

-6-

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL and DONNA NEHASIL as Next Friend for the minor children, pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

## COUNT 1

### MISREPRESENTATION BY SELLERS

23. Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 22 of this Complaint.

24. That Defendants-Sellers, Real Estate Agent and Real Estate Company knowingly made, or caused to be made, misrepresentations regarding the property, intending that they be relied upon by Plaintiffs.

25. That Plaintiffs relied on those misrepresentations.

26. That misrepresentations were material to the transaction, helping to induce purchase at the price paid by Plaintiffs.

27. That because of the previous lawsuit, the Defendant-Sellers, Real Estate Agent and the Real Estate Company had actual knowledge of the state of the property at the time that the Offer to Purchase was made and failed to disclose any of the problems to the Plaintiffs.

28. That the Defendants took back the property for One Hundred, Eight Thousand Dollars and No/100 ($108,000.00) and sold it to the Plaintiffs for One Hundred, Forty-Three Thousand Dollars and No/100 ($143,000.00).

29. That Plaintiffs have suffered a loss because of said misrepresentations.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, and DONNA NEHASIL as Next Friend for the minor children pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-7-

## COUNT II

## INNOCENT MISREPRESENTATION BY SELLERS

30.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 29 of this Complaint.

31.     That Defendant-Sellers made, or caused to be made, misrepresentations regarding the property.

32.     That Plaintiffs relied on the misrepresentations, to the benefit of the Sellers.

33.     That the misrepresentations were material to the transaction, helping to induce purchase at the price paid by the Plaintiffs.

34.     That Plaintiffs suffered a loss as a result of reliance on the misrepresentations.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, and DONNA NEHASIL as Next Friend for the minor children pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

## COUNT III

## FRAUDULENT CONCEALMENT OR SILENT FRAUD

35.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 34 of this Complaint.

36.     That material defects existed in the property at the time of the sale.

37.     That the Defendants knew, or should have known, of the condition of the property for they were participants in the previous lawsuit on this property.

38.     That Defendants-Sellers knew, or should have known, of the condition of the property, for they had lived there, and the Real Estate Agent and the Real Estate Company knew because of their participation in the previous litigation and had a duty to disclose these defects.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

39.     That Defendants-Sellers, Real Estate Agent and Real Estate Company actively participated in a fraud against the Plaintiff-Purchasers.

40.     That Plaintiffs would not have purchased at the price paid if the defects had been disclosed.

41.     That Plaintiffs suffered a loss as a result of the undisclosed defects.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, and DONNA NEHASIL as Next Friend for the minor children pray that this Honorable Court award damages in the excess of Twenty-Five Thousand dollars and No/100 ($25,000.00).

## COUNT IV

## RECISSION

42.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 41 of this Complaint.

43.     That Defendants, GRENIERS and MERRY, were in active concert to commit fraud on these Plaintiffs.

44.     That the Plaintiffs relied on the statements of Defendants, GRENIERS and MERRY, in the purchase of the property.

45.     That Plaintiffs had no knowledge of the previous transactions until the Summer of the year 2000 and if it were not for the false representations of all the Defendants, the Plaintiffs would not have purchased the property.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, and DONNA NEHASIL as Next Friend for the minor children pray that this Honorable Court rescind the purchase of the home and because of the fraud and misrepresentations, the conveyance should be rescinded and an accounting between the parties should be ordered.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

## COUNT V

## MICHIGAN CONSUMER PROTECTION ACT

46.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 45 of this Complaint.

47.     That the Plaintiffs are persons within the meaning of MCLA 445.903, the so-called Michigan Consumer Protection Act.

48.     That the transaction herein complained of was primarily for personal, family or household purposes and thus, falls within the terms of the Michigan Consumer Protection Act.

49.     That Defendants, ROBERT MERRY and REMAX CROSSROADS REALTY, INC., violated that terms of the Act as follows:

> "Sec.3. (1) Unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
>> (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
>>
>> (t) Entering into a consumer transaction in which the consumer waives or purports to waive a right benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consent to it.
>>
>> (v) Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.
>>
>> (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes that represented or suggested state of affairs to be other than it actually is.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-10-

(cc) Failing to reveal facts that are material to the transaction in light of misrepresentations of fact made in a positive manner.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL and DONNA NEHASIL as Next Friend for the minor children, pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00), plus actual, reasonable attorney fees and costs.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiff re-allege and incorporate by reference all of the above paragraphs 1 through 49 of this Complaint.

51.     That the Defendants, each and everyone of them, had formed an alliance wherein, after having been sued by Hilda Maxwell over the same property, to have small, if any, repairs done, and to conceal the extent of damage by lies and omissions.

52.     That the intentions of all three individual Defendants was to defraud the Plaintiffs by failing to disclose or repair deficiencies in the home they had to sell.

53.     Shortly after moving into the subject home, deficiencies began which the Defendant's denied.

54.     That the Defendants, even though they had once been sued over the same property, denied anything was wrong with the structure and refused to adequately repair those defects.

55.     That the parties Defendant knew from being sued by the prior purchaser that the home was deficient and unhealthy and would cause illness to the inhabitants.

56.     That, not withstanding such adverse knowledge, these Defendants continued to deny liability and adequately repair or make intent to repair, the structure.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-11-

57. That after a finding by the Wayne County Circuit Court led to a Consent Judgment being entered in the matter of case no. 97-708226-CH (Hilda Maxwell, Plaintiff), these Defendant's lied to the Plaintiffs in such a manner as to convenience the Plaintiffs that the home was reasonably sound.

58. That the Defendants did not car about the results of another human being living in the home and becoming ill and deliberately sold the home to the Plaintiffs concealing the prior lawsuit and the damage to the human beings living in it.

59. The failure to inform was deliberate and the lies by the Defendants to the Plaintiffs did not cease even though the first suit laid out the deficiencies well.

60. That the Defendant's did not care what happened to the Plaintiff, to the Plaintiff's great harm and injury and which caused physical and mental damage to the Plaintiffs.

61. That as a result, members of the Plaintiff's family became ill from exposure to massive molds and construction residue.

62. That Defendants did not care or show remorse for the injuries which fell upon the Plaintiffs and the Plaintiffs became more ill as the conditions continued.

63. That Defendants, each and everyone of them, intentionally concealed the adverse conditions intending to recoup their settlement in the first case.

64. That the Defendants, each and everyone of them, injured the Plaintiffs as stated and the Plaintiffs will require medical and psychological aid for some time.

## COUNT VII

## NEGLIGENCE

65. Plaintiff re-allege and incorporate by reference all of the above paragraphs 1 through 64 of this Complaint.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-12-

66.     That the Defendants, ROBERT GRENIER and GERTRUDE GRENIER, REMAX CROSSROADS REALTY, INC. and ROBERT MERRY each owed a duty to disclose any defective conditions of the property to the Plaintiffs prior to closing. These defects include but are not limited to excess water damage, wall cracking, defective drain tiles, standing water, mildew, dangerous mold/ bacteria and other environmental conditions of which Defendants knew or had constructive knowledge of.

67.     That the Defendants knew or should have known that the defective condition of the property would subject the Plaintiffs to exposure of dangerous molds and bacteria due to excessive moisture levels.

68.     That as a direct and proximate result of the breach of these duties, all Plaintiffs have incurred injuries, including, but not limited: to nose bleeds, constant infections, compromised immune systems, sleep apnea, pulmonary distress and asthma, allergies and neurologic deficiencies. Further CRAIG NEHASIL'S blood tests indicate that he has had exposure to dangerous and debilitating toxic molds and or bacteria.

69.     That as a direct and proximate result of all of the foregoing the Plaintiffs have suffered injuries as set forth above and will continue to suffer same. Plaintiffs have also suffered economic damages including but not limited to loss of personality, lost wages, expenses of medical care and treatment, and will in the future suffer the same.

## EXEMPLARY DAMAGES

70.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 69 of this Complaint.

71.     That contract damages do not adequately compensate the Plaintiffs for their loss.

72.     That the Plaintiffs relied on the skill, experience and honesty of Defendant, ROBERT MERRY, and relied on the sincerity and honesty of Defendants, ROBERT M. GRENIER, GERTRUDE A. GRENIER and ROBERT MERRY, in the execution of the Seller's

JOHN R. CARNEY, P.C.
3407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-13-

Disclosure Statement and further, the statement that tenants had occupied the property was false. The occupiers of the property were HILDA MAXWELL, together with her daughter and her family who, in fact, were former Purchasers.

73.     That the misrepresentations were fraudulent, willful, wanton and voluntary acts purposely performed by the Defendants to deprive the Plaintiffs of their rights, so that the Defendants could profit at the expense of the Plaintiffs.

74.     That the Defendants caused the Plaintiffs humiliation, outrage, indignity and mental anguish for the period from closing on the property, through and including the present day.

75.     That the Plaintiffs suffered mental damages as a result of the misrepresentations and fraud performed on them by the joint Defendants.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, and DONNA NEHASIL as Next Friend for the minor children request that this Honorable Court grant the following relief against all the Defendants:

A.     Award the Plaintiffs all actual damages sustained as a result of the breaches of duty by Defendants in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

B.     Award to the Plaintiffs incidental, consequential and exemplary damages for the damages for their mental and emotional anguish.

C.     Award to the Plaintiffs costs, interest and attorney's fees.

Respectfully submitted,

JOHN R. CARNEY & ASSOCIATES, P.C.

Dated: February 1, 2002

By: _____
    JOHN R. CARNEY (P11631)
    KEVIN T. KENNEDY (P40672)
    Attorney for Plaintiffs
    13407 Farmington Road, Suite 102
    Livonia, MI 48150
    (734) 425-3000

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
734) 425-3000

-14-

CRAIG R. NEHASIL and DONNA E.
NEHASIL, Jointly and Severally,

        Plaintiffs/Counter-Defendants,

                                      **Case No. 01-101305-CZ**
                                      **Hon. Robert Ziolkowski**

and

DONNA E. NEHASIL as Next Friend
to RICHARD J. NEHASIL, TIMOTHY
R. NEHASIL and CHRISTOPHER P.
NEHASIL, minor children,

        Plaintiffs,

vs.

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, ROBERT MERRY and
REMAX CROSSROADS REALTY, INC.,
a Michigan Corporation, Jointly
and Severally,

        Defendants,

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, Jointly and Severally,
                Defendants/Counter-Plaintiffs.

---

| | |
|---|---|
| **JOHN R. CARNEY & ASSOCIATES, P.C.** | **O. WILLIAM WARD, P.C.** |
| John R. Carney (P11631) | O. William Ward (P46966) |
| Kathleen L. Cole (P53674) | Attorney for Defendants/Counter- |
| Attorneys for Plaintiffs/Counter-Defendants | Plaintiffs Greniers |
| 13407 Farmington Rd., Ste. 102 | 31800 Northwestern Hwy, Ste 350 |
| Livonia, Michigan 48150 | Farmington Hills, MI 48334 |
| (734) 425-3000 | (248) 932-8600 |
| | |
| **BLAKE, KIRCHNER, SYMONDS, et al** | **LAW OFFICE LARRY W. HOSKINS** |
| Kevin T. Kennedy, (P40672) | Rondald Y. Gutman (P14479) |
| Co-Counsel for Plaintiffs/Counter Defendants | Attorney for Defendants REMAX |
| 535 Griswold Street - 1432 Buhl Building | Crossroads Realty, Inc. and Robert Merry |
| Detroit, Michigan 48226-3602 | 21800 W. Ten Mile Road, Ste 104 |
| (313) 961-7321 | Southfield, MI 48075 |
| | (248) 353-5160 |

---

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

## DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, Individually, and DONNA E. NEHASIL as Next Friend of RICHARD J. NEHASIL, TIMOTHY R. NEHASIL and CHRISTOPHER P. NEHASIL,( hereinafter referred to as "the minor children") by and through their attorneys, JOHN R. CARNEY & ASSOCIATES, P.C., by JOHN R. CARNEY and KEVIN T. KENNEDY, and for their Complaint against Defendants, demand a Trial by jury in the above-entitled cause of action.

Respectfully submitted,

JOHN R. CARNEY & ASSOCIATES, P.C.

Dated: February 4, 2002

By: _John R. Carney_

JOHN R. CARNEY (P17631)
Attorney for Plaintiffs
13407 Farmington Road, Suite 102
Livonia, MI 48150
(734) 425-3000

OHN R. CARNEY, P.C.
3407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-16-

CRAIG R. NEHASIL and DONNA E.
NEHASIL, Individually,

*EXHIBIT B*

Plaintiffs/Counter-Defendants,

)1-101305-CZ    1/12'2001
JDG: ROBERT L ZIOLKOWSKI
EHASIL CRAIG R
vs    |||||||||||||'||||||||||||
RENIER ROBERT M

and

DONNA E. NEHASIL as Next Friend
to RICHARD J. NEHASIL, TIMOTHY
R. NEHASIL and CHRISTOPHER P.
NEHASIL, minor childern,

Plaintiffs,

vs.

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, ROBERT MERRY and
REMAX CROSSROADS REALTY, INC.,
a Michigan Corporation, Individually,

Defendants,

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, Individually,

Defendants/Counter-Plaintiffs.

/

**JOHN R. CARNEY & ASSOCIATES, P.C.**
John R. Carney (P11631)
Kathleen L. Cole (P53674)
Attorneys for Plaintiffs/Counter-Defendants
13407 Farmington Rd., Ste. 102
Livonia, Michigan 48150
(734) 425-3000

**BLAKE, KIRCHNER, SYMONDS, et al**
Kevin T. Kennedy, (P40672)
Co-Counsel for Plaintiffs/Counter Defendants
535 Griswold Street - 1432 Buhl Building
Detroit, Michigan 48226-3602
(313) 961-7321

**O. WILLIAM WARD, P.C.**
O. William Ward (P46966)
Attorney for Defendants/Counter-
Plaintiffs Greniers
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
(248) 932-8600

**LAW OFFICE LARRY W. HOSKINS**
Rondald Y. Gutman (P14479)
Attorney for Defendants REMAX
Crossroads Realty, Inc. and Robert Merry
21800 W. Ten Mile Road, Ste 104
Southfield, MI 48075
(248) 353-5160

/

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

## SECOND AMENDED COMPLAINT AND
## DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, Jointly and Severally, by and through their attorneys, JOHN R. CARNEY & ASSOCIATES, P.C., by JOHN R. CARNEY, and for their Complaint against Defendants, state as follows:

### INTRODUCTION

1.     That this claim arises from the purchase of a house with material misrepresentations by the Sellers of the condition of the house and/or concealed and/or undisclosed defects.

### JURISDICTION

2.     That the amount in controversy in this cause is greater that Twenty-Five Thousand Dollars and No/100 ($25,000.00).

3.     That this Court has jurisdiction of this case, for land located in Wayne County.

### PARTIES

4.     That the Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, are natural persons currently residing in the Township of Canton, County of Wayne and State of Michigan.

5.     That Defendants, ROBERT M. GRENIER and GERTRUDE A. GRENIER ("Sellers"), upon information and belief, reside in the County of Oakland and State of Michigan.

6.     That Defendant, ROBERT MERRY, upon information and belief, resides in the Township of Canton, County of Wayne and State of Michigan, and is a licensed Real Estate Agent, and at all times mentioned in this Complaint was employed by REMAX CROSSROADS REALTY, INC., located in the Township of Canton, County of Wayne and State of Michigan.

7.     That Defendant, REMAX CROSSROADS REALTY, INC., is a licensed Real Estate Broker in the State of Michigan.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

# FACTS

8. That on or about December 9, 1997, Plaintiffs made an Offer to Purchase Property located 6642 Burnham Drive, Canton Michigan, form Defendants, ROBERT M. GRENIER and GERTRUDE A. GRENIER, who was represented by Defendant, ROBERT MERRY, as Real Estate Agent for the Sellers and employed by REMAX CROSSROADS REALTY, INC., the Broker in this transaction.

9. That a Offer to Purchase for the house and property was signed by Plaintiffs and Defendants on or about December 9, 1997. A copy is attached hereto and made a part hereof and marked as Exhibit "A".

10. That after signing the Offer to Purchase, Plaintiffs received a Seller's Disclosure Statement from the Defendants on or about December 9, 1997. A copy is attached hereto and made a part hereof and marked as Exhibit "B".

11. That Defendants' Disclosure Statement contained the following false misrepresentations regarding the condition of the property under Property conditions improvements and additional information:

    a.) In response to paragraph one (1), Basement: Has there been evidence of water? If yes, please explain: "water thru cracks and rod holes/professionally repaired Eternally Dry."

    b.) In response to paragraph three (3), Roof: Leaks? Approximate age if known: "Original with a repair approx 3 years ago no known problem since."

    c.) In response to paragraph (7), Plumbing system: Type: copper. Any known problems? "None known."

    d.) In response to paragraph (8), Electrical system: Any known problems? "None known."

    e.) In response to paragraph (9), History of infestation, if any: (termites carpenter ants, etc.) "None known."

Under the paragraph Other Items: Are you aware of any of the following:

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-3-

a.) In response to paragraph one (1), Features of the property shared in common with adjoining landowners, such as walls, fences, roads, driveways or other features whose use or responsibility for maintenance may have an effect on the Property? "No".

b.) In response to paragraph four (4), Structural modification, alterations or repairs made without necessary permits or licensed contractors? "No".

c.) In response to paragraph five (5), Settling, flooding, drainage, structural or grading problems? "No".

d.) In response to paragraph six (6), Major damage to the property from fire, wind, floods or landslides? "No".

12. That at all times mentioned herein regarding the sale of this property Defendant, ROBERT MERRY, was employed by Defendant, REMAX CROSSROAD REALTY, INC., as a salesperson, who was in turn the Sellers' agent and acting within the scope of his employment.

13. That at the time of the execution of the Offer to Purchase, Defendant, ROBERT MERRY, discussed the state of the house with the Plaintiff-Purchasers and, at that time, informed the Plaintiffs that the house had been inhabited by "renters" prior to the sale and stated that they "trashed the house". Further, in the discussion with Defendant MERRY volunteered that the "renters" had not informed the Sellers of the alleged water problems and had they done so, the Sellers would have taken care of the problems immediately.

14. That the sale of this property closed on or about January 21, 1998, and beginning immediately, the Plaintiffs discovered the following defects in the property purchased:

a.) That the basement was leaking on all four (4) walls, rather than one (1).

b.) That the Defendants, ROBERT M. and GERTRUDE A. GRENIER, put up drywall and shelving in the basement to hide water leakage damage.

c.) That after moving into the house and attempting to update the bathroom, the Plaintiff, CRAIG R. NEHASIL, pulled out the tub enclosure and found three (3) sub-floors rotted, which necessitated a complete gutting of the entire bathroom and rebuilding of the wall which attached to the back bedroom.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-4-

d.) That it was discovered that a wall had been put up between the kitchen and living room that was one a pass through. When Plaintiff, CRAIG R. NEHASIL, took down the false wall, he found major faulty electrical hook-ups that were not installed by electrical contractors and were a danger to the Plaintiff's family.

e.) That since the date of purchase, the home has been infested with ants and other insects to the extent that it has been necessary to engage an exterminator every three (3) months.

f.) That the cyclone fence along the outer perimeter of the home is being held up with nothing more that tomato plant-type stakes.

g.) That there was and illegal 220 electrical line running from the electrical panel to the garage, which had to be removed because of the danger to the children while playing in the backyard.

h.) That the internal wiring of the home had been gerrymandered so that the wiring constituted a hazard to the family.

i.) That the outdoor water spicate on the north side of the home is nothing more than a soldered piece of metal attached to the spicate knob and not actually hooked up to any of the household plumbing.

15. That the Plaintiffs closed the deal on January 21, 1998, relying on the representations of ROBERT MERRY and the Seller's Disclosure Statement.

16. That each of the Defendants made representations that they knew were false or were made with reckless disregard for whether they were true or false.

17. That misrepresentations were material to the transaction and Plaintiffs relied on them in purchasing the property.

18. That the defects discovered by the Plaintiffs were present in the property at the time of the purchase.

19. That sellers knew, or had reason to know, of the defects to the property prior to the sale for the following reasons:

a.) That on March 13, 1997, in the Third Judicial Circuit Court in the County of Wayne, Case Number 97-708226 CH, a Complaint was filed regarding this very property and the Defendants were ROBERT GRENIER and

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-5-

GERTRUDE GRENIER, the Sellers in this instance. (Complaint of HILDA MAXWELL attached hereto and made a part hereof and attached Exhibit "C".)

b.) That on October 10, 1997, a Consent Judgment in the amount of One Hundred, Eight Thousand Dollars and No/100 ($108,000.00) was entered on this very property wherein Plaintiff, HILDA MAXWELL, rescinded the sale from the GRENIERS and was refunded the purchase price of One Hundred, Two Thousand Dollars and No/100 ($102,000.00), plus damage of Six Thousand Dollars and No/100 ($6,000.00) for a total of One Hundred, Eight Thousand Dollars and No/100 ($108,000.00). (Consent Judgment attached hereto and made part hereof and attached as Exhibit "D".)

c.) That attached to the Complaint of HILDA MAXWELL was an Offer to Purchase dated February 20, 1994, showing Defendant, ROBERT MERRY, as Listing Agent for ROBERT and GERTRUDE GRENIER.

20. That the Plaintiffs in the instant suit knew nothing of the events set forth in the Maxwell matter but relied on the good faith and fair dealing of the salesperson, Defendant, ROBERT MERRY.

21. That on December 9, 1997, Defendant, ROBERT MERRY, in the course of his employment with Defendant, REMAX CROSSROADS REALTY, INC., knowing of the events that transpired in the Maxwell matter, sold the individual Plaintiffs the house at 6642 Burnham Drive, Canton, Michigan, within sixty-one (61) days of the date of the Consent Judgment entered in the Maxwell case.

22. That the Plaintiffs in the matter at hand have spent, to date, the following:

a.) The amount of Six Thousand Dollars and No/100 ($6,000.00).

b.) Sweat equity of Ten Thousand Dollars and No/100 ($10,000.00), drywall and rebuilding of walls in the children's bedroom, living room and hallway.

c.) Four Thousand Dollars and No/100 ($4,000.00) Dollars for tear-down of all drywall in the basement.

d.) One Thousand, Eight Hundred Dollars and No/100 ($1,800.00) for drywall for the bedroom/bathroom.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-6-

e.) The electrical estimates have been in the neighborhood of Five Thousand Dollars and No/100 ($5,000.00) for regrading and concrete will run approximately Twelve Thousand Dollars and No/100 ($12,000.00).

f.) Basement repair approximately Five Thousand Dollars and No/100 ($5,000.00).

g.) Cyclone fencing, approximately Five Thousand dollars and No/100 ($5,000.00).

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

## COUNT 1

### MISREPRESENTATION BY SELLERS

23. Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 22 of this Complaint.

24. That Defendants-Sellers, Real Estate Agent and Real Estate Company knowingly made, or caused to be made, misrepresentations regarding the property, intending that they be relied upon by Plaintiffs.

25. That Plaintiffs relied on those misrepresentations.

26. That misrepresentations were material to the transaction, helping to induce purchase at the price paid by Plaintiffs.

27. That because of the previous lawsuit, the Defendant-Sellers, Real Estate Agent and the Real Estate Company had actual knowledge of the state of the property at the time that the Offer to Purchase was made and failed to disclose any of the problems to the Plaintiffs.

28. That the Defendants took back the property for One Hundred, Eight Thousand Dollars and No/100 ($108,000.00) and sold it to the Plaintiffs for One Hundred, Forty-Three Thousand Dollars and No/100 ($143,000.00).

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-7-

29.   That Plaintiffs have suffered a loss because of said misrepresentations.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

## COUNT II

### INNOCENT MISREPRESENTATION BY SELLERS

30.   Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 29 of this Complaint.

31.   That Defendant-Sellers mad, or caused to be made, misrepresentations regarding the property.

32.   That Plaintiffs relied on the misrepresentations, to the benefit of the Sellers.

33.   That the misrepresentations were material to the transaction, helping to induce purchase at the price paid by the Plaintiffs.

34.   That Plaintiffs suffered a loss as a result of reliance on the misrepresentations.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

## COUNT III

### FRAUDULENT CONCEALMENT OR SILENT FRAUD

35.   Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 34 of this Complaint.

36.   That material defects existed in the property at the time of the sale.

37.   That the Defendants knew, or should have known, of the condition of the property for they were participants in the previous lawsuit on this property.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-8-

38. That Defendants-Sellers knew, or should have known, of the condition of the property, for they had lived there, and the Real Estate Agent and the Real Estate Company knew because of their participation in the previous litigation and had a duty to disclose these defects.

39. That Defendants-Sellers, Real Estate Agent and Real Estate Company actively participated in a fraud against the Plaintiff-Purchasers.

40. That Plaintiffs would not have purchased at the price paid if the defects had been disclosed.

41. That Plaintiffs suffered a loss as a result of the undisclosed defects.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, pray that this Honorable Court award damages in the excess of Twenty-Five Thousand dollars and No/100 ($25,000.00).

## COUNT IV

## RECISSION

42. Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 41 of this Complaint.

43. That Defendants, GRENIERS and MERRY, were in active concert to commit fraud on these Plaintiffs.

44. That the Plaintiffs relied on the statements of Defendants, GRENIERS and MERRY, in the purchase of the property.

45. That Plaintiffs had no knowledge of the previous transactions until the Summer of the year 2000 and if it were not for the false representations of all the Defendants, the Plaintiffs would not have purchased the property.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, pray that this Honorable Court rescind the purchase of the home and because of the fraud and

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-9-

misrepresentations, the conveyance should be rescinded and an accounting between the parties should be ordered.

## COUNT V

## MICHIGAN CONSUMER PROTECTION ACT

46.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 45 of this Complaint.

47.     That the Plaintiffs are persons within the meaning of MCLA 445.903, the so-called Michigan Consumer Protection Act.

48.     That the transaction herein complained of was primarily for personal, family or household purposes and thus, falls within the terms of the Michigan Consumer Protection Act.

49.     That Defendants, ROBERT MERRY and REMAX CROSSROADS REALTY, INC., violated that terms of the Act as follows:

> "Sec.3. (1) Unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
>> (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
>>
>> (t) Entering into a consumer transaction in which the consumer waives or purports to waive a right benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consent to it.
>>
>> (v) Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.
>>
>> (bb) Making a representation of fact or statement of fact material to the transaction such that a person

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-10-

reasonably believes that represented or suggested state of affairs to be other than it actually is.

(cc) Failing to reveal facts that are material to the transaction in light of misrepresentations of fact made in a positive manner.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, pray that this Honorable Court award damages in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00), plus actual, reasonable attorney fees and costs.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiff re-allege and incorporate by reference all of the above paragraphs 1 through 49 of this Complaint.

51.     That the Defendants, each and everyone of them, had formed an alliance wherein, after having been sued by Hilda Maxwell over the same property, to have small, if any, repairs done, and to conceal the extent of damage by lies and omissions.

52.     That the intentions of all three individual Defendants was to defraud the Plaintiffs by failing to disclose or repair deficiencies in the home they had to sell.

53.     Shortly after moving into the subject home, deficiencies began which the Defendant's denied.

54.     That the Defendants, even though they had once been sued over the same property, denied anything was wrong with the structure and refused to adequately repair those defects.

55.     That the parties Defendant knew from being sued by the prior purchaser that the home was deficient and unhealthy and would cause illness to the inhabitants.

56.     That, not withstanding such adverse knowledge, these Defendants continued to deny liability and adequately repair or make intent to repair, the structure.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-11-

57.    That after a finding by the Wayne County Circuit Court led to a Consent Judgment being entered in the matter of case no. 97-708226-CH (Hilda Maxwell, Plaintiff), these Defendant's lied to the Plaintiffs in such a manner as to convenience the Plaintiffs that the home was reasonably sound.

58.    That the Defendants did not car about the results of another human being living in the home and becoming ill and deliberately sold the home to the Plaintiffs concealing the prior lawsuit and the damage to the human beings living in it.

59.    The failure to inform was deliberate and the lies by the Defendants to the Plaintiffs did not cease even though the first suit laid out the deficiencies well.

60.    That the Defendant's did not care what happened to the Plaintiff, to the Plaintiff's great harm and injury and which caused physical and mental damage to the Plaintiffs.

61.    That as a result, members of the Plaintiff's family became ill from exposure to massive molds and construction residue.

62.    That Defendants did not care or show remorse for the injuries which fell upon the Plaintiffs and the Plaintiffs became more ill as the conditions continued.

63.    That Defendants, each and everyone of them, intentionally concealed the adverse conditions intending to recoup their settlement in the first case.

64.    That the Defendants, each and everyone of them, injured the Plaintiffs as stated and the Plaintiffs will require medical and psychological aid for some time.

## EXEMPLARY DAMAGES

65.    Plaintiffs re-allege and incorporate by reference all of the above paragraphs 1 through 64 of this Complaint.

66.    That contract damages do not adequately compensate the Plaintiffs for their loss.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-12-

67. That the Plaintiffs relied on the skill, experience and honesty of Defendant, ROBERT MERRY, and relied on the sincerity and honesty of Defendants, ROBERT M. GRENIER, GERTRUDE A. GRENIER and ROBERT MERRY, in the execution of the Seller's Disclosure Statement and further, the statement that tenants had occupied the property was false. The occupiers of the property were HILDA MAXWELL, together with her daughter and her family who, in fact, were former Purchasers.

68. That the misrepresentations were fraudulent, willful, wanton and voluntary acts purposely performed by the Defendants to deprive the Plaintiffs of their rights, so that the Defendants could profit at the expense of the Plaintiffs.

69. That the Defendants caused the Plaintiffs humiliation, outrage, indignity and mental anguish for the period from closing on the property, through and including the present day.

70. That the Plaintiffs suffered mental damages as a result of the misrepresentations and fraud performed on them by the joint Defendants.

## COUNT VII
## NEGLIGENCE

71. Plaintiff re-allege and incorporate by reference all of the above paragraphs 1 through 70 of this Complaint.

72. That the Defendants, ROBERT GRENIER and GERTRUDE GRENIER, REMAX CROSSROADS REALTY, INC. and ROBERT MERRY each owed a duty to disclose any defective conditions of the property to the Plaintiffs prior to closing. These defects include but are not limited to excess water damage, wall cracking, defective drain tiles, standing water, mold, mildew and other environmental conditions of which Defendants knew or had constructive knowledge of.

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-13-

73.    That the Defendants knew or should have known that the condition of the property would subject the Plaintiffs to exposure of dangerous molds and fungi due to excessive moisture levels.

74.    That as a direct and proximate result of the breach of these duties, all Plaintiffs have incurred injuries including but not limited to nose bleeds, constant infections, compromised immune systems, sleep apnea, pulmonary distress and asthma.  Further CRAIG NEHASIL'S blood tests indicate that he has had exposure to dangerous and debilitating toxic molds and or bacteria.

75.    That as a direct and proximate result of all of the foregoing the Plaintiffs have suffered injuries as set forth above and will continue to suffer same.  Plaintiffs have also suffered economic damages including but not limited to loss of personality, lost wages, expenses of medical care and treatment, and will in the future suffer the same.

WHEREFORE, Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, request that this Honorable Court grant the following relief against all the Defendants, jointly and severally:

A.    Award to the Plaintiffs all actual damages sustained as a result of the breaches of duty by Defendants in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

B.    Award to the Plaintiffs incidental, consequential and exemplary damages for the damages for their mental and emotional anguish.

C.    Award to the Plaintiffs costs, interest and attorney's fees.

Respectfully submitted,

JOHN R. CARNEY & ASSOCIATES, P.C.

By: _____
JOHN R. CARNEY (P11631)
Attorney for Plaintiffs
13407 Farmington Road, Suite 102
Livonia, MI 48150
(734) 425-3000

Dated: January 30, 2002

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

-14-

CRAIG R. NEHASIL and DONNA E.
NEHASIL, Jointly and Severally,

        Plaintiffs/Counter-Defendants,

                                  **Case No. 01-101305-CZ**
                                  **Hon. Robert Ziolkowski**

and

DONNA E. NEHASIL as Next Friend
to RICHARD J. NEHASIL, TIMOTHY
R. NEHASIL and CHRISTOPHER P.
NEHASIL, minor children,

        Plaintiffs,

vs.

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, ROBERT MERRY and
REMAX CROSSROADS REALTY, INC.,
a Michigan Corporation, Jointly
and Severally,

        Defendants,

ROBERT M. GRENIER, GERTRUDE A.
GRENIER, Jointly and Severally,
                Defendants/Counter-Plaintiffs.

---

| | |
|---|---|
| **JOHN R. CARNEY & ASSOCIATES, P.C.** | **O. WILLIAM WARD, P.C.** |
| John R. Carney (P11631) | O. William Ward (P46966) |
| Kathleen L. Cole (P53674) | Attorney for Defendants/Counter- |
| Attorneys for Plaintiffs/Counter-Defendants | Plaintiffs Greniers |
| 13407 Farmington Rd., Ste. 102 | 31800 Northwestern Hwy, Ste 350 |
| Livonia, Michigan 48150 | Farmington Hills, MI 48334 |
| (734) 425-3000 | (248) 932-8600 |
| | |
| **BLAKE, KIRCHNER, SYMONDS, et al** | **LAW OFFICE LARRY W. HOSKINS** |
| Kevin T. Kennedy, (P40672) | Rondald Y. Gutman (P14479) |
| Co-Counsel for Plaintiffs/Counter Defendants | Attorney for Defendants REMAX |
| 535 Griswold Street - 1432 Buhl Building | Crossroads Realty, Inc. and Robert Merry |
| Detroit, Michigan 48226-3602 | 21800 W. Ten Mile Road, Ste 104 |
| (313) 961-7321 | Southfield, MI 48075 |
| | (248) 353-5160 |

---

JOHN R. CARNEY, P.C.
13407 FARMINGTON ROAD
SUITE 102
LIVONIA, MICHIGAN 48150
(734) 425-3000

## DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, CRAIG R. NEHASIL and DONNA E. NEHASIL, by and through their attorneys, JOHN R. CARNEY & ASSOCIATES, P.C., by JOHN R. CARNEY, and hereby demand a Trial by jury in the above-entitled cause of action.

Respectfully submitted,

JOHN R. CARNEY & ASSOCIATES, P.C.

Dated: January 30, 2002

By: _____

JOHN R. CARNEY (P11631)
Attorney for Plaintiffs
13407 Farmington Road, Suite 102
Livonia, MI 48150
(734) 425-3000

OHN R. CARNEY, P.C.
3407 FARMINGTON ROAD
;UITE 102
IVONIA, MICHIGAN 48150
734) 425-3000

-16-